UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Russell Frank Klug, | ) | C/A No. 0:16-cv-02940-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Tiffany Olivia Cross, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant proceeding *in forma pauperis*. ECF No. 1. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. This case is before the court because of Plaintiff's failure to comply with the undersigned's Orders of September 16 and November 2, 2016, ECF Nos. 9, 13.

I.      Background

Plaintiff filed this case on August 26, 2016. ECF No. 1. On September 16, 2016, the undersigned ordered Plaintiff, within twenty-one (21) days, to complete a court-approved employment discrimination complaint form and to provide a service document. The Order specifically warned Plaintiff that if he did "**not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.**" ECF No. 9 (emphasis in original). Plaintiff failed to provide the court with any response whatsoever to the court's initial Order and the time for his compliance with the Order has now passed.

Out of an abundance of caution, the undersigned issued a second proper-form Order on November 2, 2016, granting Plaintiff an additional 21 days to comply with the directions contained in the initial Order. That Order specifically warned Plaintiff that it was his final opportunity to comply

and that failure to comply could result in the dismissal of this case. ECF No. 13. The time for Plaintiff's compliance with the second Order has now passed with no response from Plaintiff. The mail in which the both Orders were mailed to Plaintiff at the address he provided has not been returned to the court undelivered. Thus, it is presumed that Plaintiff received both Orders, but chose not to respond or continue to prosecute this case.

II.     Discussion

Plaintiff's failure to comply with this court's Order within the time permitted by the Order after having been warned of the need to respond and the consequences of failure to respond subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*); *see also* General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA, at 2 (D.S.C. Sept. 18, 2007) (requiring a plaintiff to bring a case into proper form or suffer dismissal without prejudice for failure to prosecute).

III.    Recommendation

Accordingly, it is recommended that this case be dismissed *without prejudice* for failure to comply with a court order and failure to prosecute this case in a timely manner.

IT IS SO RECOMMENDED.

December 22, 2016                                          Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).